IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NORTHERN STATES POWER COMPANY,

            Plaintiff,

    v.

THE CITY OF ASHLAND, WISCONSIN,
SOO LINE RAILROAD COMPANY,
WISCONSIN CENTRAL RAILROAD,
ASHLAND COUNTY, WISCONSIN
and L.E. MYERS COMPANY,

            Defendants.

ORDER

12-cv-602-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      After reviewing the proposed settlement filed by plaintiff N-S-P and defendants Soo Line Railroad and Wisconsin Central Railroad, dkt. #338, I have some questions for the parties. First, I assume that if the consent decree in 15-cv-59-bbc is approved, the non-settling defendants would be barred under CERCLA and its case law from asserting contributions from the non-settling defendants. 42 U.S.C. § 9613(f). Thus, I understand that in this case, the settling parties argue that the court should give the same effect to the settlement if approved. Do you agree? Are the non-settling parties prepared to agree to this?

      Second, am I correct in thinking that, if the consent decree in 15-cv-59-bbc or the settlement in this case is approved, the railroads could still assert claims against the non-settling defendants? And if not, why not?

      Third, do the parties agree that if the consent decree in 15-cv-59-bbc is approved, its effect will be to reduce the potential liability of the remaining parties by the amount of the settlement, (as opposed to reducing the "allocation pot" by the share of liability of the settling party rather than by the dollar amount)? I understand that the settling parties argue that the court should give the same effect to the settlement in this case? Am I correct? Are

1

the non-settling parties prepared to agree to this?

Fourth, do the non-settling defendants want an opportunity to object to the settlement? Do the settling parties take the position that these defendants have waived their opportunity by not commenting on the consent decree at issue in 15-cv-59-bbc?

Fifth, do the non-settling defendants agree to dismiss their cross claims against the settling defendants with prejudice at this time? If not, are they prepared to go to trial on those claims in April?

Sixth, if the non-settling defendants do not agree to dismissal, are the settling defendants prepared to defend against the claims of the non-settling defendants in April?

Finally, I assume that the non-settling defendants are prepared to litigate their cross claims against each other at trial. Am I correct?

The parties are requested to provide answers to these questions in writing no later than March 27, 2015.

Entered this 20th day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge