IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NORTHERN STATES POWER COMPANY,

OPINION AND ORDER

       Plaintiff,

12-cv-602-bbc

    v.

THE CITY OF ASHLAND, WISCONSIN
and ASHLAND COUNTY, WISCONSIN,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Each of the defendants, City of Ashland and Ashland County, moved for an award of costs in this case after they prevailed at trial against plaintiff Northern States Power's allegations that they had contributed to the contamination of Chequamegon Bay and an area of the City of Ashland known as Kreher Park. The clerk of court awarded defendants most but not all of the amounts they had sought. The City was awarded $146,131.13 out of a request of $172,611.52; the County was awarded $38,817.97 out of a request of $40,407.43. Disappointed with the clerk's actions, plaintiff moved for a review of the awards under Fed. R. Civ. P. 54(d)(1), asking this court to order that defendant City bear its own costs or reduce the costs awarded to defendant City to $119,043.75. Plaintiff does not contend that defendant County should bear its own costs but does ask that the costs be reduced to $27,227.33.

1

A. <u>Defendant City's Costs</u>

1. <u>Entitlement to award of costs</u>

Plaintiff contests the clerk's approval of any costs for defendant City, pointing out that the court has discretion to deny such costs altogether.  This is true, but the governing rule, Fed. R. Civ. P. 54(d) states that "[u]nless a federal statute, these rules or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Undaunted, plaintiff cites one appellate decision and three district court  decisions from this circuit in which the courts entered an order denying any *allocation* of costs. Plaintiff does not note that in each case, the court allowed an award of costs to the party that had prevailed on the substantial part of the litigation and denied costs only when it could not find that any party had prevailed substantially.

None of the cases cited by plaintiff supports its position that the court should deny the City any award of costs.  In <u>Testa v. Village of Mundelein</u>, 89 F.3d 443, 447 (7th Cir. 1996) (not improper to order each party to bear its own costs when neither party could be said to have prevailed on substantial part of litigation); <u>Ellis v. Country Club Hills</u>, 2012 U.S. Dist. LEXIS 129693 (N.D. Ill. Sept. 12, 2012) (same); <u>Rice v. Sunrise Express, Inc.</u>, 237 F. Supp. 2d 962 (N.D. Ind. 2002) (district court denied defendant's bill of costs after finding that plaintiff prevailed on central issue in her lawsuit, although she was awarded only $720 in damages); <u>Mary M. v. North Lawrence Community School Corp.</u>, 951 F. Supp. 820, 828 (S.D. Ind. 1997) (district court awarded costs to plaintiff because she prevailed on liability, even though she was awarded no damages) (rev'd on other grds.).  <u>See also</u> <u>Rivera</u>

v. City of Chicago, 469 F.3d 631, 634 (7th Cir. 2006) (Rule 54(d)(1) presumes that losing party will pay costs but grants court discretion to direct otherwise; in general this happens only when the party seeking costs has engaged in misconduct or the losing party is indigent and court exercises its discretion to reduce award of costs or relieve party of all obligation for costs); Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 641-42 (7th Cir. 1991) (court of appeals approved lower court's decision to award costs to counterclaim defendant that prevailed on substantial part of litigation despite fact that it was determined to have some liability); First Commodity Traders, Inc. v. Heinhold Commodities, Inc., 766 F.2d 1007, 1015 (7th Cir. 1985) (under Rule 54(d), prevailing party is party who prevails as to substantial part of litigation).

Plaintiff was never able to prove that defendant City took or omitted any action that contributed to or dispersed the contamination of the areas in dispute.  The evidence showed that defendant City had never taken the actions alleged by plaintiff, which included: (1) connecting the manufactured gas plant (the undisputed source of tar waste) to the municipal waste system; (2) drained waste out of the waste tar pond lying below the bluff on which the manufactured gas plant stood; (4) spread any contamination by its construction and enlargement of the city waste water treatment center; (5) used or approved the open ditch from the bottom of the bluff out to the bay; (6) allowed a lumber treatment facility to leak wood treatment chemicals into Kreher Park; or (7) caused any contaminants to infiltrate Kreher Park by allowing dumping and oil changing for municipal vehicles to take place there. Plaintiff argues unpersuasively that the City could nevertheless be held liable for some of the

3

costs because it was found to be a "covered person" under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601-75, but plaintiff overlooks the difference between being a "covered person" under the statute, that is, someone who owned or operated a contaminated site, and being a "responsible person," that is, one who has been found responsible for contributing to a site's contamination and who is therefore liable for the costs of the cleanup.

Defendant was the clear winner in this case. Thus, the only question is whether defendant City is entitled to all of the costs awarded it by the clerk of court.

2. Amount of costs

As for plaintiff's objections to particular costs approved by the clerk, most are without foundation. The first relates to certain transcripts for the depositions of employees of defendants Soo Line Railroad Company and Wisconsin Central, Limited and a separate deposition of Jeffrey Bierl, a representative of defendant County. Plaintiff contends that the City sought the depositions after it knew that the depositions were no longer reasonably necessary because plaintiff had reached a settlement with the railroads. In addition, the depositions related only to "the narrow issue of the Railroad[s]' property rights at the site," and counsel for defendants City and County never asked a question during any of the five depositions of the railroad employees.

It is odd that plaintiff would make this argument when it did not schedule the depositions until after it had settled with the railroads. In any event, because the depositions

4

were scheduled by plaintiff, defendant City had the right to obtain transcripts, even if plaintiff had obtained a tentative settlement with the railroads before the transcripts were ordered. The railroads had asserted cross-claims against defendant City and it in turn had asserted cross-claims against the railroads, seeking contribution from them in the event of an award of damages against the City in favor of plaintiff. Certainly, in a case of this magnitude, defendant was justified in obtaining the transcripts for its use in preparing a defense, if not to plaintiff's claims, then to the cross-claims of the railroads.

As to the Bierl deposition, plaintiff says his deposition revealed no information that supported the City's claims, but defendant City points out that he authenticated relevant County documents relating to Schroeder Lumber. Schroeder's possible responsibility for the contamination was a key issue in the case. I agree with the clerk of court that the costs for these transcripts ($1570.42) are allowable under Rule 54.

I agree also that defendant City should be reimbursed for the costs of video depositions of Jerry Winslow and David Crass, even if those costs were duplicative of the costs of paper depositions. As defendant City explained, it viewed these depositions as necessary and reasonable for giving the court a sense of the deponents' credibility and it could not be sure that the time allotted for the trial by the court would be sufficient to put these witnesses on the stand. In addition, Winslow was beyond the subpoena power of this court and is plaintiff's employee. Defendant could not be sure that he would be available in person. As to Crass, defendant City wanted to preserve his testimony in video form, again, so that the court could assess his credibility if the City chose to put in his testimony

5

by deposition rather than live.  This was not an improper consideration.   The fact that neither of the video recordings was used at trial is irrelevant; the decision to order the recordings had to be made well in advance of trial.  The $1,770 cost is allowable.

Plaintiff would like the court to cut $8,145.76 in costs for photocopies obtained by defendant on the grounds that the need for the photocopies was not described adequately and, in some cases, the costs are not recoverable under § 1920(a).  Plaintiff has not shown that the description was inadequate; detailed documentation of costs is not required.  The charge is allowable.

As to the extra travel expenses for Emily Greenwald, the additional expense was the unfortunate consequence of the court's illness and not of any lack of planning on this defendant's part.  Those expenses were properly approved by the clerk.

Finally, defendant City defends the $6960 that it spent on converting documents to electronic searchable format, saying that it was necessary to conform to the parties' agreement that documents the parties produced in discovery would be produced in that format.  The clerk made the reasonable decision to cut the costs of this conversion in half (from $13,920 to $6,900) because only about half of the converted documents were turned over to plaintiff.


## B. Defendant County

Plaintiff does not contend that defendant County has any responsibility for the contamination of the site or that it was found to be a "covered person," but does contend

that the clerk erred in awarding the costs he did.  Plaintiff objects specifically to reimbursing the County for what it calls "unnecessary deposition transcript orders" and for certain copying and exemplification costs.

The supposedly unnecessary depositions are those of the railroad employees, seven of city employees and two employees of Wilhelm Engineering, a company that had a project in the vicinity of Kreher Park in the early 1980s.  Plaintiff scheduled these depositions; the County was a party to the lawsuit and had a clear right to attend each of them.  The County acted reasonably when it ordered copies of the depositions, even if plaintiff later reached a settlement with the railroads or if it turned out that the depositions were not needed at trial.

As for the copying and exemplification costs, the County has provided a sufficiently thorough explanation of the necessity and reasonableness of these costs, along with a thorough documentation.  It was proper for the clerk to approve those costs.


C. <u>Conclusion</u>

Plaintiff has failed to show that the clerk of court erred in any respect in approving the costs incurred reasonably by defendant City and County.  Accordingly, I decline to reduce the claimed costs below the amounts determined by the clerk of court in dkts. *##* 613 (order on defendant County's bill of costs) and 615 (order on defendant City's bill of costs).

7

ORDER

IT IS ORDERED that plaintiff Northern States Power's motions for court review of taxable costs pursuant to Fed. R. Civ. P. 54(d)(1), dkts. ## 616 and 618 are GRANTED and the clerk of court's determinations of taxable costs are AFFIRMED over plaintiff's objections.

Entered this 5th day of January, 2016.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge